## COLEMAN *v.* STATE

[No. 231, September Term, 1962.]

[REDACTED]

*Decided April 2, 1963.*

[REDACTED]

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Robert J. Gerstung* for the appellant.

*Gerard W. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Robert V. Lazzaro, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

On February 15, 1961, the appellant was sentenced to two years' confinement in the House of Correction. The execution of the sentence was suspended, and appellant placed on probation for two years, without supervision, on condition of good behavior, payment of hospital (lying in) expenses of $150 of the prosecuting witness, whom appellant had raped, and court costs of $32.00.

Appellant was employed for the first fourteen months after the suspension of his sentence, and, although he was directed

to pay $5.00 per week, he had made, at the time of the revocation of his probation a total payment of only $5.00 on account. The revocation, or striking out, of his probation occurred after a hearing on July 11, 1962. He freely admitted his failure to make the ordered payments, and this was the ground upon which his probation was stricken out.

The State has moved to dismiss the appeal upon the ground that the appeal is from an order revoking the suspension of sentence, and the jurisdiction conferred upon the Criminal Court of Baltimore to revoke suspended sentences and strike out probations is a special and limited jurisdiction created by statute, from which no appeal lies. In *Swan v. State,* 200 Md. 420, 425, 90 A. 2d 690, this Court held that such an appeal would lie, "if only for the purpose of determining whether that discretion [given to the trial court] has been abused in any way, or whether an erroneous construction has been placed by the trial judge on the conditions of parole." See also *Edwardsen v. State,* 220 Md. 82, 88, 151 A. 2d 132, and compare *Warden v. Palumbo,* 214 Md. 407, 135 A. 2d 439. The motion to dismiss will, therefore, be overruled.

However, this affords little, if any, aid and comfort to appellant's cause. When the trial judge revoked the probation on July 11, 1962, he stated: "I will revoke your probation. You will have to serve your two years in the House of Correction." The clerk, apparently in error, made a docket entry as of that date which states: "Probation stricken out and sentenced to two (2) years in the Maryland House of Correction from July 6, 1962, Foster, Judge." When the sentence in a criminal case is imposed and execution of the imposed sentence is conditionally suspended, as distinguished from the suspension of the imposition of sentence, and the defendant placed on probation, and thereafter the probation is stricken out, the defendant should not be re-sentenced. His original sentence is effective with the probationary provisions stricken out. Cf. *Swan v. State, supra,* 200 Md. at page 424.

Referring to the above mentioned docket entry, this Court has held that a docket entry must be taken as true until corrected, and the proper court to correct an erroneous docket

entry is the court in which the error occurred. *Roberts v. State,* 219 Md. 485, 488, 150 A. 2d 448. Cf. *United States v. Ray,* 183 F. Supp. 769 (U.S. D.C., D. Md.). We will, therefore, remand the case, so that the docket entry may be corrected.

However, it is apparent from the appellant's brief that he is not entitled to the relief he has requested. He, of course, could not appeal from the original sentence in February, 1961, as the time limited for such an appeal had long since expired. Maryland Rule 812 a. If we consider his present appeal as one from the order striking out his probation, he conceded that he had violated the conditions of his probation; hence he could obtain no assistance from this quarter. And if we consider his appeal as from the "sentence" of July 11, 1962, (as he claims it is), and that "sentence" is stricken out (as we have indicated above it should be by a correction of the docket entry), the original sentence is in full force and effect, which means, of course, the appellant, likewise, is entitled to no relief here.

We may add that appellant's argument in his brief is limited to a challenge as to the validity of the conditions of his probation as set forth in his original sentence. We do not answer these challenges here, because to do so, would, in effect, permit a circumvention of Rule 812 a, which requires an appeal to be taken within thirty days.

> *Motion to dismiss overruled. Case remanded under Rule 871 a without affirmance or reversal for further proceedings not inconsistent with this opinion.*