## JAMES RANDOLPH MAGROGAN *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[App. No. 95, September Term, 1972.]

*Decided January 29, 1973.*

Before ORTH, C. J., and MORTON and POWERS, JJ.

---

Petition by *Floyd L. Parks* for applicant.

*Francis B. Burch, Attorney General,* and *J. Thomas Clark, State's Attorney for Queen Anne's County,* for respondent.

POWERS, J., delivered the opinion of the Court.

James Randolph Magrogan applies for leave to appeal from an order of Judge James A. Wise in the Circuit Court for Queen Anne's County denying post conviction relief.

Applicant pleaded guilty to two charges of grand larceny on 4 March 1971. On the same day the court imposed two concurrent sentences of four years each, but suspended the execution of the sentences and placed applicant on probation.

At a hearing held on 20 January 1972 the probation was revoked, the suspension stricken, and execution of the sentences placed in effect. Applicant did not appeal from the revocation order, and he does not contest it now. He employed the post conviction procedure to raise the single issue of credit for "street time" upon revocation of probation.

Applicant contends that he was illegally and unconstitutionally denied credit against his sentence for the time he spent on probation in the community, because during that time he was subject to certain restraints upon his freedom. He cites no authority for this position except one decision by the Supreme Court of New Mexico,[1] but we find that decision to have been based upon a statute of that State. The question has not been referred to in any reported appellate decision in Maryland.

Suspension of imposition or of execution of sentence and the grant of probation are authorized by Code, Art. 27, §§ 639 to 642. Probation is defined in Code, Art. 41, § 107 (f), but there is no general law governing the revoca-

---

1. *State v. Reinhart,* 439 P. 2d 554 (1968).

tion of probation. A person alleged to have violated his probation is entitled to notice and a hearing at which he must be afforded a reasonable opportunity to defend himself. *Edwardsen v. State,* 220 Md. 82, 151 A. 2d 132, *Brown v. State,* 4 Md. App. 623, 244 A. 2d 471, *Wilson v. State,* 6 Md. App. 397, 251 A. 2d 379, and *Knight v. State,* 7 Md. App. 313, 255 A. 2d 441, in which the subject is thoroughly discussed. He has the right to appeal from a revocation of probation. *Coleman v. State,* 231 Md. 220, 189 A. 2d 616.

The Court of Appeals, in *Coleman v. State, supra,* observed:

> "When the sentence in a criminal case is imposed and execution of the imposed sentence is conditionally suspended, as distinguished from the suspension of the imposition of sentence, and the defendant placed on probation, and thereafter the probation is stricken out, the defendant should not be re-sentenced. *His original sentence is effective with the probationary provisions stricken out.*" (Emphasis supplied)

It is clear from what was said in *Coleman* that when probation is revoked and the suspension of a previously imposed sentence is stricken, then that sentence goes into effect, exactly as it was originally imposed.

It follows from what we have said that when such a sentence goes into effect as originally imposed the judge need not, and indeed may not, modify that sentence by allowing credit for time the defendant spent in the community on probation.

*Application denied.*