## STATE OF MARYLAND v. MELVIN J. WHITE

[App. No. 102, September Term, 1978.]

*Decided February 13, 1979.*

Before MORTON, THOMPSON and MOYLAN, JJ.

*Francis B. Burch, Attorney General,* and *Andrew L. Sonner, State's Attorney for Montgomery County,* for applicant.

*David C. Woll* for respondent.

MOYLAN, J., delivered the opinion of the Court.

In a sentencing disagreement, as in baseball, there is a marked advantage to batting last. There is, of course, no contest (and therefore no significance to holding the

advantage) when sentencing judges are in harmonious accord. When two or more judges sentence the same individual for two or more crimes, however, there is always the risk of discord, advertent or inadvertent. The rules of the game must provide for just such an eventuality. Within the prescribed statutory range, each judge is autonomous when it comes to imposing sentence in the case before him. When two or more judges seek to relate their independent sentences to each other, however, who shall say whether the sentences are to be concurrent or consecutive or some more exotic combination of the two? If the judges happen to agree, no issue ever arises as to which of two duplicate orders is actually the controlling one. If, however, there is irreconcilable disagreement, whose decision shall prevail? If judges give conflicting signals, how shall the Warden respond?

Posit a defendant being sentenced for two different crimes by two different judges. On Monday, Judge A decrees, "I hereby sentence you to five years, to be served concurrently with whatever sentence Judge B may impose upon you tomorrow." On Tuesday, Judge B decrees, "I hereby sentence you to five years, to be served consecutively with the five year sentence imposed upon you by Judge A yesterday." See *Alston v. State,* 38 Md. App. 611, for just such a sentencing paradox.

The answer is that the sentencing sequence is controlling. A judge must relate the sentence he imposes to the *status quo* at the moment of sentencing. He may deal with the present or the past as concrete reality. He may make his sentence concurrent with or consecutive to whatever other sentence then exists, either 1) actually being served or 2) in suspension but with ever-present potentiality for the lifting of that suspension. He may not, however, presume to bind the future. To do so would be, *ipso facto,* to usurp the sentencing prerogative of some other judge operating in a near or distant time yet to be.

From the first judge in the sentencing sequence, the adverbs "concurrently" and "consecutively" are but empty gestures. A judge cannot imbue the sentence, in any

controlling fashion, with power over the future judicial actions of others. His sentence may not be consecutive or concurrent to something which does not yet (and may never) exist. The first sentencing judge simply creates that *status quo* to which a later sentencing judge may relate.

The plight of Melvin J. White is illustrative. He received three different sentences from three different judges on three different occasions for three different crimes. Compounding the tangled chronology is the fact that two of these sentencing experiences went through two distinct phases, first a suspension of the sentence and then a revocation of the suspension. Each sentencing judge sought to relate his actions, forward and back, to the actions of his colleagues. When all of the "concurrentlys" and "consecutivelys" had finally been intoned, uncertainty reigned triumphant and White petitioned for post conviction relief in the Circuit Court of Montgomery County. Judge John J. McAuliffe granted him partial relief, from which the State seeks Leave to Appeal. We will set out briefly the sentencing sequence.

1) *Sentence A*: In Criminal Case No. 16415, Judge Ralph Miller, on March 16, 1976, sentenced White to three years in the Montgomery County Detention Center. Two years of the sentence were suspended. Upon release, White was to spend three years on supervised probation.

2) *Sentence B*: On August 31, 1976, in Criminal Case No. 16888, Judge John J. Mitchell sentenced White to six years for assault and battery. Judge Mitchell suspended five years of the sentence and directed White to spend five years under supervised probation. Judge Mitchell was silent as to whether this sentence was to be consecutive or concurrent with the earlier sentence handed out by Judge Miller. Under the circumstances, the law treats the latter sentence as concurrent with the former.

3) *Sentence A Revisited*: Judge Miller revoked White's probation in Criminal Case No. 16415 and

directed that the suspended two year sentence be served. He also directed that this reinstated sentence be served concurrently with any other sentence then being served. This would appear to have been a redundancy, since Sentence B, handed down by Judge Mitchell, was already concurrent with Sentence A (in its suspended form or in its nonsuspended form).

4) *Sentence C*: In Criminal Case No. 16889, Judge Richard Latham imposed a five year sentence, unsuspended, on White. Judge Latham directed that this sentence would be consecutive to White's other sentences. This last sentence in the sequence was, of course, the controlling one.

5) *Sentence B Revisited*: At a probation revocation hearing on June 17, 1977, Judge Mitchell revoked White's five years on probation and reinstated the five year sentence which had been previously suspended. Of critical importance for present purposes was Judge Mitchell's direction that this five year reinstated sentence be served consecutively to all other sentences then being served. It was from this order that White sought post-conviction relief.

To the extent to which Judge Mitchell attempted to make Sentence B consecutive to Sentence A, he was in error and Judge McAuliffe correctly so ruled. This represented an increase in the sentence earlier suspended, which is not permitted. The State seeks Leave to Appeal this ruling of Judge McAuliffe. We deny it. Once a sentence has been imposed and then suspended, the suspension may be revoked but the original sentence itself may not, in any of its terms, be modified upward. *Magrogan v. Warden,* 16 Md. App. 675; *Coleman v. State,* 231 Md. 220. To change a sentence from a concurrent one to a consecutive one is a modification upward.

To the extent to which, however, Judge Mitchell sought to make the reinstated Sentence B consecutive with Sentence C, it was an empty gesture but not, in net effect, prejudicial. The

two sentences would be consecutive, of course, but by virtue of the directive of Judge Latham in that regard when Sentence C was imposed — not by virtue of the directive of Judge Mitchell when the suspension of Sentence B was revoked. The control function is one-directional — backward. The later sentence may control the combined effect of the later and the earlier — not vice-versa. In determining what is earlier and what is later, we look to the time of original imposition of sentence and not to the time of later modification. It is at that earlier point that the batting order is frozen.

We agree with Judge McAuliffe that Sentence A and Sentence B shall be concurrent with each other and that Sentence C shall be consecutive to them both.

*Leave to appeal denied; costs to be paid by Montgomery County.*