Charles Howell **MEYER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. O-77-820.

Court of Criminal Appeals of Oklahoma.

June 26, 1979.

Rehearing Denied July 24, 1979.

John T. Elliott, Public Defender, David W. Lee, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Carol Elaine Alexander, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Charles Howell Meyer appeals from the revocation of eighteen (18) months of his

three (3) year suspended sentence in Oklahoma County District Court Case No. CRF–74–2222. The revocation was premised on five findings by the District Court, (1) failure to report to probation officer, (2) failure to report change of address to probation officer, (3) leaving the state without permission, (4) failure to pay probation fees, and (5) failure to pay court costs.

■ We hold that the State put on no competent evidence as is required by 22 O.S.Supp.1977, § 991b, to support the findings that the defendant failed to report a change of address and that he left the state without permission. The District Court allowed the probation officer to testify that the defendant's mother-in-law had told him that the defendant had moved to Missouri on the grounds that the fact that the probation officer had written the mother-in-law's statement into his report made it admissible as a business records exception to the hearsay rule. The business records exception is predicated on several requirements, including the reliability of the original declarant, which is not present here. This Court in *Bailey v. State*, Okl.Cr., 494 P.2d 1252, 1253 (1972), stated that a "parole officer's conclusion that the defendant left the State, although based upon hearsay testimony is admissible in a revocation hearing." This writer dissented to that case on the grounds that hearsay evidence was not "competent" evidence as required by the statute. Hearsay evidence should not be admissible in a revocation hearing, but in the instant case we need not reach that issue, for we do not think that, by itself, a probation officer's statement that an unnamed third party told him that a defendant left the jurisdiction is probative, much less determinative, of whether a person has left the state. The State also argues that admitting a copy of a letter which the probation officer sent to the defendant in care of one of defendant's relatives in Missouri is proof that the defendant left the state. We disagree. The letter tends to prove that the probation officer wrote a letter to the defendant and that he wrote Springfield, Missouri, in the margin. The copy of the letter does not show that the letter was sent, or that the original was received by the defendant, or anyone, in Missouri or elsewhere.

■ Finally, the State argues that the probation officer's statement that his secretary told him that on several occasions the defendant tried to call the officer but that the calls were refused because the office did not accept collect calls proved that the defendant was in Missouri. We note only that long-distance collect telephone calls can originate from within the state of Oklahoma. The defendant was picked up in Oklahoma City, Oklahoma. Therefore, the District Court's findings that the defendant had left the state without permission and that he had failed to report a change of address to the probation officer were not justified by the evidence presented at the hearing.

■ Next, the defendant argues that it is constitutionally impermissible to revoke a suspended sentence based on failure to pay probation fees and court costs where the defendant is indigent. In the instant case, the court made no findings that the defendant was unable to pay the probation fees and court costs. The trial transcript discloses the following:

> "A transcript is ordered at public expense. The Public Defender is appointed for the purpose of appeal. By this finding, the Court makes no finding, nor certainly does not infer, that he was unable to pay the probation fees and particularly the Court costs because sentence was passed in this case the 11th day of July, 1974. I make—The only finding on this issue of whether he is able to afford the transcript is concerning his financial ability to pay for a transcript and an attorney to represent him on appeal at this time."

We therefore find that the court entered no finding of fact that the defendant failed to pay the probation fees and court costs.

Consequently, this argument of the defendant is denied.

Therefore, this revocation is *REVERSED* and *REMANDED* to the District Court for a new hearing in keeping with the provisions of this opinion.

CORNISH, P. J., concurs.

BUSSEY, J., dissents.