## KENNETH MAURICE WILSON *v.* STATE OF MARYLAND

[App. No. 22, September Term, 1980.]

*Decided June 11, 1980.*

Before GILBERT, C. J., and MELVIN and COUCH, JJ.

Submitted by Kenneth Maurice Wilson, applicant.

Submitted by *Stephen H. Sachs, Attorney General,* with whom was *William A. Swisher, State's Attorney for Baltimore City,* for respondent.

COUCH, J., delivered the opinion of the Court.

Kenneth Maurice Wilson was convicted of rape and robbery in 1975 and sentenced to life imprisonment for the rape and ten years, *concurrent,* for the robbery, by the Criminal Court of Baltimore. He was also sentenced, in the same court under a different conviction, to ten years for

perverted sex acts and two years for carnal knowledge, these sentences to run consecutive to each other but concurrent to the sentence for the rape conviction. These latter convictions were subsequently reversed because of a finding by the Court of Special Appeals that Wilson had been denied a speedy trial. *Wilson v. State,* 44 Md. App. 1, 408 A.2d 102 (1979). In December, 1978, pursuant to Wilson's motion for a reduction of sentence, the trial judge reduced the life imprisonment sentence to twenty-one years. If nothing further had taken place, this matter, no doubt, would not be before us, but the trial judge further modified the robbery sentence, as well as those for the sex acts and carnal knowledge convictions, by making them run consecutive to the twenty-one year sentence for the rape conviction. Wilson sought relief from the sentencing judge, to no avail. Subsequently he filed a petition for post conviction relief raising, initially, the illegality of the above-modified sentence and, later, by a supplement to the petition, two additional issues. These supplemental issues were withdrawn at the evidentiary hearing held in March, 1980. The hearing judge denied Wilson any relief, stating in part:

"Despite the fact that a change from concurrent· to consecutive occurred, the overall effect of the modification was to lessen the Petitioner's sentence. It is the totality of the picture that is important in the instant sentencing situation. The only case cited as authority to the contrary by Petitioner pointedly did not decide the issue. Dawson-vs-State, 17 Md. App. 316. Since the modification of the Petitioner's sentence did produce an overall reduction of time to be served, there was no violation of Maryland Rule 774 (b)."

We believe the trial judge erred in denying relief and shall therefore grant this application for leave to appeal. In *State v. White,* 41 Md. App. 514, 397 A.2d 299 (1979), we specifically held "to change a sentence from a concurrent one to a consecutive one is a modification upward." Furthermore, Maryland Rule 774 (b) clearly precludes the

court from increasing the length of any sentence. *See also Smith v. State,* 31 Md. App. 310, 356 A.2d 320 (1976). In the instant case the hearing judge concluded that *White* was distinguishable because, there, three different sentences were given by three different judges on three different occasions for three different crimes, whereas petitioner was sentenced by one judge on a single occasion. In our view this is exalting form over substance; it would seem to make little difference to a defendant whether he was being sentenced by three judges for three different crimes rather than a single judge on a single occasion. If a sentence is illegal, it is illegal and cannot be allowed to stand. The hearing judge also found that the totality of the sentences had to be looked at and, in doing so, if there was a reduction of the total, then there was no impropriety. We disagree. We believe each sentence must be viewed singly and if it is illegal, it cannot stand. Maryland Rule 774 (b), by its terms, when referring to a sentence, consistently does so in the singular and makes no reference to multiple sentences. In our view the hearing judge had no authority to lump all the sentences together and treat them as a single sentence. Furthermore, we note that by now Wilson has served nearly five years of his concurrent robbery term, but if his modified sentence is allowed to stand he will be subject to serving his robbery sentence only after he has served his rape conviction, obviously a change to his detriment. Changing the ten year robbery sentence to consecutive from concurrent was a violation of Maryland Rule 774 (b).

> *Leave to appeal granted; case remanded with instructions to strike that portion of the sentence for robbery making it consecutive and substituting therefor "concurrent to the sentence imposed for the conviction of rape."*