# JAMES HENRY McROY *v.* STATE OF MARYLAND

[No. 987, September Term, 1982.]

*Decided May 4, 1983.*

The cause was submitted on briefs to GARRITY, ADKINS and ALPERT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Louis P. Willemin, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Diane G. Goldsmith, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Matthew Campbell, Assistant State's Attorney for Montgomery County,* for appellee.

GARRITY, J., delivered the opinion of the Court.

On April 1, 1981, the appellant, James Henry McRoy, was convicted by a jury in the Circuit Court for Montgomery County of first degree rape, second degree rape and battery.

The trial court merged the two lesser convictions into the first degree rape conviction and on June 2, 1981, the appellant was sentenced to life imprisonment.

In an unreported per curiam opinion, *McRoy v. State,* No. 1014, September Term, 1981 (filed April 28, 1982), we held that the evidence was insufficient to support a conviction for first degree rape. We vacated that conviction. However, we did hold that the evidence was sufficient to support the second degree rape conviction and remanded the case for resentencing on that conviction. We concurred with the trial judge that the battery conviction merged into the rape conviction.

A hearing on remand was held on June 23, 1982, whereupon appellant was committed to the custody of the Division of Correction for a period of twenty years for the second degree rape conviction. It having been brought to the court's attention that subsequent to the imposition of the original (now vacated) life sentence, appellant was sentenced to three consecutive life sentences for unrelated convictions, the trial judge directed that the twenty-year sentence be served consecutive to the three other life sentences.[1] On appeal, appellant contends that "the court below erred where, in imposing sentence after the case had been remanded, the court imposed the sentence to be served consecutively to other sentences." We disagree.

Utilizing a convoluted system of logic, appellant contends that when considered in light of the date of his possible release, the sentence imposed at resentencing resulted in a harsher sentence and thus was violative of both state and federal principles. *See North Carolina v. Pearce,* 395 U.S. 711 (1969); Md. Cts. & Jud. Proc. Code Ann. § 12-702(b). In

---

1. In imposing sentence upon the appellant at the June 23, 1982 hearing, Judge J. McAuliffe announced:

[It] is the sentence of the Court that you be sentenced to the Maryland Division of Correction for a period of 20 years, consecutive to the [two life] sentences heretofore imposed in Criminals No. 6706 of the Circuit Court for Washington County, Maryland; and consecutive to the [life] sentence heretofore imposed in Criminals 25183 of this Court.

fact, however, a life imprisonment sentence for the first degree rape conviction was lessened by the twenty-year sentence imposed for the second degree rape conviction.

In the instant case, appellant was sentenced for a different offense, i.e., second degree rape, than for his original sentence. The trial judge felt that this was an "initial sentencing" for the second degree rape conviction and had observed:

> I believe that sentence [for the first degree rape conviction] was vacated and that this case having been sent back, although it was denominated resentencing, that is perhaps correct, perhaps not. It is a sentencing on a second count that you've never previously been sentenced on and the prior sentence was indeed vacated. It is not a question that I am modifying a sentence previously given.

The trial judge's interpretation was underscored by the fact that appellant was given full credit for the 562 days he already had served on the first degree rape conviction.

In *State v. White,* 41 Md. App. 514, 515, 397 A.2d 299 (1979), we observed:

> A judge must relate the sentence he imposes to the *status quo* at the moment of sentencing. He may deal with the present or the past as concrete reality. He may make his sentence concurrent with or consecutive to whatever other sentence then exists, either 1) actually being served or 2) in suspension but with ever-present potentiality for the lifting of that suspension.

We concur with the trial judge in his analysis of the sequence of events. Because the twenty-year sentence was an original sentence and not a resentencing,[2] it was within his

---

2. The instant case is distinguishable from Wilson v. State, 45 Md. App. 675, 415 A.2d 605 (1980), where we held that in a situation where an original life sentence was replaced in a trial on remand by a twenty-one year sentence, it was improper to direct that sentences which had been made to run concurrently with the original life sentence now be served

discretion to impose the sentence consecutive to the two other sentences. As the life imprisonment sentence for the first degree rape conviction was no longer valid, the sentence for the second degree rape conviction stood last in the batting order behind the two other life sentences. *See State v. White, supra,* 41 Md. App. at 518; 24B C.J.S. *Criminal Law* § 1996 (8). The twenty-year sentence was not a replacement for the original life sentence imposed for the first degree rape conviction. There was no error committed in the sentencing of appellant. Although the order in which appellant must serve his sentences has been changed, he has not been prejudiced nor has his punishment been enhanced. Accordingly, we shall affirm the judgment of the Circuit Court for Montgomery County.

> *Judgment affirmed; appellant to pay the costs.*

---

consecutive to the replacement twenty-one year sentence. The trial court in Wilson had modified a rape sentence pursuant to a motion for reduction of sentence, whereas in the case sub judice, a sentence had not been previously imposed on the separate offense of second degree rape.