PAUL HAMILTON RAINES, JR. *v.*
STATE OF MARYLAND

[No. 1112, September Term, 1982.]

*Decided May 5, 1983.*

The cause was submitted on briefs to MOYLAN, WILNER and ADKINS, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Martha Weisheit, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephen Rosenbaum, Assistant Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and

*Anne Magruder, Assistant State's Attorney for Montgomery County,* for appellee.

ADKINS, J., delivered the opinion of the Court.

On January 10, 1980, Paul Hamilton Raines, Jr., the appellant, was convicted on a guilty plea in the Circuit Court for Montgomery County (Cahoon, J.), of homicide while driving when intoxicated (Art. 27, § 388A). On April 11, 1980, he was committed to the custody of the Division of Correction for two years, of which period all but 180 days was suspended in favor of a two-year probation. The conditions of probation included requirements that Raines report regularly to his probation agent, that he obtain alcoholism counseling, and that he obey all laws. No appeal was taken from this judgment.

Subsequently, Raines was charged with violating the conditions of probation stated above. At a hearing on June 3, 1982, the Circuit Court for Montgomery County found that Raines had indeed violated those conditions. It revoked Raines's probation and reimposed the balance of the original two-year sentence, to be served consecutively to a sentence Raines was then serving in Florida.

On appeal, Raines contends that the circuit court erred in:

1. admitting hearsay evidence; and
2. in making the reimposed sentence consecutive to the Florida sentence.

## 1. *Hearsay*

The evidence introduced by the State at the revocation hearing consisted of a certified copy of Raines's May 4, 1981, conviction in Florida of "strongarm robbery" and of the sentence imposed for that offense. In addition, Probation Agent Robert Little testified from records he said were kept by the Division of Parole and Probation in the ordinary course of business and by Raines's supervising probation agent. These records reflected not only the Florida conviction but also Raines's failure to contact his probation agent regularly and

his failure to obtain the required alcoholism counseling. Little was not Raines's supervising probation agent; that agent was not available on the day of the hearing. Raines objected to Little's testimony on the ground that it was hearsay. His contention is without merit.

To begin with, the copy of the Florida conviction, certified by its custodian as being a true copy, was admissible under § 10-204 of the Courts and Judicial Proceedings Article. Proof of that conviction alone would have been a sufficient basis for revocation of probation in this case.

Furthermore, it appears that the evidence introduced through Little may well have come within the business records exception to the hearsay rule; Courts and Judicial Proceedings Article § 10-101. But that we need not decide, because even if Little's testimony as to Raines's failure to report to his probation agent and his failure to obtain alcoholism counseling was hearsay, it was admissible.

It is Raines's view that *Morrissey v. Brewer*, 408 U.S. 471 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) preclude the use of hearsay evidence at a probation revocation hearing. *Morrissey* did impose certain due process safeguards for a parole revocation proceeding, but the holding was limited: "We emphasize that there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry: the process should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial." 408 U.S. at 489. *Gagnon* conferred the right to counsel in probation revocation proceedings, but its holding, too, was limited: "In a revocation hearing . . . formal procedures and rules of evidence are not employed." 411 U.S. at 789.

Federal courts appear to hold that hearsay is admissible at probation revocation hearings. *See e.g. United States v. McCallum*, 677 F.2d 1024 (4th Cir.), *cert. den.*,       U.S.    , 103 S.Ct. 365 (1982); *United States v. Torrez-Flores*, 624 F.2d 776 (7th Cir. 1980); *United States v. Pattman*, 535 F.2d

1062 (8th Cir. 1976); *United States v. Miller*, 514 F.2d 41 (9th Cir. 1975).

It is true that some federal courts have criticized the use of hearsay evidence at probation revocation hearings; *United States ex rel. Spero v. Wenzel*, 397 F. Supp. 597 (E.D.N.Y. 1975) (dictum). But the *Wenzel* dictum has been expressly rejected by at least one other federal court. *United States v. Segal*, 549 F.2d 1293, 1298 n.2. (9th Cir.), *cert. den.* 431 U.S. 919 (1977).

It is also correct that some states have rejected the use of hearsay evidence at revocation hearings. *People v. Wilson*, 44 Ill. App. 3d 15, 2 Ill. Dec. 622, 357 N.E.2d 842 (1976). *See Meyer v. State*, 596 P.2d 1270 (Okla. Crim. 1979) (dictum). Other states have gone the other way. *See e.g. Frazier v. State*, 600 S.W.2d 271 (Tex. Cr. App. 1979, on rehearing 1980) (incorrectly cited by Raines as reaching the opposite conclusion); and *State v. Belcher*, 111 Ariz. 580, 535, P.2d 1297, 1298 (1975) (admission of reliable hearsay under Arizona rules of criminal procedure is "in accord with *Gagnon v. Scarpelli. . . .").

We conclude that neither *Gagnon* nor *Morrissey* precludes the use of hearsay evidence in probation revocation hearings as a matter of constitutional law. Therefore, we find controlling *Scott v. State*, 238 Md. 265, 208 A.2d 575 (1965) in which the Court of Appeals authorized the use of hearsay in revocation proceedings.

## 2. *Consecutive Sentence*

When Raines was sentenced for "strongarm robbery" in Florida on May 4, 1981, the court there provided that he should serve ten years in the Florida state prison "to run concurrent to sentence in Maryland." The effect of this Florida sentence on the reimposed Maryland sentence troubled the Circuit Court for Montgomery County and it troubles us.

In *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979), the Court of Appeals made it clear that ordinarily it is within the discretion of the trial court to decide whether a sentence reimposed after probation revocation should run consecutively or concurrently with any sentences the probationer was serving when the revocation occurred. But in *State v. White,* 41 Md. App. 514, 397 A.2d 299 (1979) we observed that that discretion is not always unfettered. In *White,* we said:

> [T]he sentencing sequence is controlling. A judge must relate the sentence he imposes to the *status quo* at the moment of sentencing. He may deal with the present or the past as concrete reality. He may make his sentence concurrent with or consecutive to whatever other sentence then exists, either 1) actually being served or 2) in suspension but with ever present potentiality for the lifting of that suspension. *Id.* at 515, 397 A.2d at 300-301.

We went on to explain that:

> The control function is one-dimensional — backward. The later sentence may control the combined effect of the later and the earlier — not vice-versa. In determining what is earlier and what is later, we look to the time of original imposition of sentence and not to the time of later modification. It is at that earlier point that the batting order is frozen. *Id.* at 518, 397 A.2d at 302.

Here we have the 1980 initial Maryland sentence, most of the incarceration portion of which was suspended. We have the 1981 Florida sentence which was imposed to be concurrent with any Maryland sentence. *White* teaches us that a first sentence, later reinstated, must by definition be served concurrently with a later sentence that is to be served concurrently with the first. *Id.* at 516-17, 397 A.2d at 301-302. Had both sentences here been imposed by

Maryland courts, it would not have been proper for the Circuit Court for Montgomery County to have made the first sentence consecutive to the second on reimposition of the former. We see no reason why the same result should not apply when one of the sentences was imposed by a judge of another state.

> *Revocation of probation affirmed.*
> *Reimposed consecutive sentence vacated.*
> *Case remanded for reimposition of Maryland sentence concurrent with Florida sentence.*
> *Costs to be paid one-half by appellant and one-half by Montgomery County.*