485 A.2d 1021

**Marvin HICKS**

v.

**STATE of Maryland.**

**No. 215, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 7, 1985.

---

Adrienne E. Volenik, Assigned Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Bernard A. Penner, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City and Ruth Finch, Asst. State's Atty., Baltimore, for Baltimore City on brief), for appellee.

Submitted before MOYLAN, GETTY and BELL, JJ.

GETTY, Judge.

In this case, we are called on to decide whether an originally suspended sentence which is reimposed may be made to run consecutively to an intervening sentence that does not specify whether it is to be consecutive to or concurrent with any other sentence. Appellant Marvin

Hicks appeals from an order of the Circuit Court for Balti-more City (Johnson, J.) reimposing an originally suspended eighteen month sentence and making that sentence run consecutive to another eighteen month sentence appellant was already serving. We agree with the sentence imposed by the circuit court.

The sentencing sequence may be set out as follows:

1. On July 28, 1981, appellant was found guilty of theft of under $300.00 and was placed on probation before judgment for one year. Appellant's probation was subsequently violated and his probation before judgment was struck.

   *Sentence A:* Judge James Perrott on April 27, 1982, imposed upon appellant a sentence of 18 months to the Department of Corrections, to be suspended, with one year of supervised probation.

2. On November 7, 1983, appellant was convicted of attempted burglary and failure to appear in the District Court.

   *Sentence B:* Appellant was sentenced by the District Court (Wahl, J.) to 18 months imprisonment for each offense, to run concurrently with each other.

3. On February 22, 1984, the Circuit Court of Baltimore City (Johnson, J.) found appellant in violation of the probation ordered by Judge Perrott.

   *Sentence A revisited:* Judge Johnson reimposed appellant's original 18 month sentence and stated that it was to run consecutive to the 18 month sentence imposed by Judge Wahl.

■ Generally, sentencing is within the judge's discretion, *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979). His discretion is not unfettered, however. He is not permitted to be motivated by ill-will, prejudice or other improper consideration, or to impose sentences that constitute cruel and unusual punishment or that fall outside statutory limits. *Kaylor, supra,* 285 Md. at 69, 400 A.2d 419 (citations omitted). In *State v. White,* 41 Md.App. 514, 397 A.2d 299

(1979), we held that a judge also must relate the sentence to the *status quo* at the moment of sentencing. "[A judge] may make his sentence concurrent with or consecutive to whatever other sentence then exists, either (1) actually being served or (2) in suspension but with ever present potentiality for the lifting of that suspension. He may not, however, presume to bind the future." *White, supra,* 41 Md.App. at 515, 397 A.2d 299.

Appellant argues that sentence B, imposed by Judge Wahl, was obviously intended to run concurrently with sentence A, and that Judge Johnson therefore erred in making the reimposed sentence run consecutive to the intervening one. Even if we were to accept appellant's factual argument, we cannot accept his argument as to the law. As we stated in *White, supra,* 41 Md.App. at 518, 397 A.2d 299, "[t]he control function is one-directional—backward. The later sentence may control the combined effect of the later and the earlier—not vice versa."

In the present case, there were no conflicting signals as to whether appellant's sentences were to run concurrently or consecutively. Judge Johnson's order that the reimposed 18 month sentence run consecutive to the intervening 18 month sentence was the first and only indication as to how the sentences should run. Even if Judge Wahl had intended to make the earlier sentence she imposed run concurrently with the later sentence imposed by Judge Johnson, she could not have done so. Such a result would bind the future and thereby usurp the sentencing prerogative of a trial judge (Johnson, J., herein) in a subsequent case. *See White, supra.*

If we were to hold that appellant's original sentence, when reimposed, must run concurrently with any intervening sentence, appellant would, in effect avoid punishment for the original crime. The conditions imposed to assure appellant's good behavior would be meaningless. Probation is designed to permit a defendant to rehabilitate himself and thereby avoid incarceration. It is a matter of grace, not a

right to escape punishment regardless of his subsequent behavior.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.