503 A.2d 1357

**Walter E. NELSON**

v.

**STATE of Maryland.**

**No. 420, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 6, 1986.

Victoria S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Carmina Szunyog Hughes, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty., for Baltimore City and Michael Gross, Asst. State's Atty., for Baltimore City, on brief), Baltimore, for appellee.

Submitted before GILBERT, C.J., and MOYLAN and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

On February 25, 1981, Walter E. Nelson, appellant, was convicted in a non-jury trial in the Circuit Court for Baltimore City, of theft and uttering. He was sentenced to eighteen months to the Division of Correction for the theft conviction and three years for the uttering conviction. Except for six months of the three-year sentence, his sentences were suspended in favor of two concurrent five-year terms of probation. In addition to the usual conditions of probation, appellant was required to pay $165.00 court costs. The judgments were not appealed.

Prior to the filing of the violation of probation charge from which this appeal emanates, appellant was charged with two prior violations of probation, the first on July 16, 1982 and the second on November 15, 1983, neither of which involved the probation rule requiring that he obey all laws. The first violation was dismissed on February 17, 1983. Appellant was convicted of the second on January 19, 1984, but continued on probation with additional costs imposed.

After a hearing in the Circuit Court for Baltimore City on this, appellant's third violation of probation charge, appel-

lant's probation was revoked. The docket entries and the commitment records reflect that the previously suspended sentences of eighteen months and three years, with credit for the time already served, were imposed, to run consecutively to each other and to a term of imprisonment appellant was then serving. On appeal, appellant contends the court erred in revoking his probation:

1. because the evidence failed to show that the alleged violation occurred during his probationary period;
2. because it ordered that the terms of imprisonment previously imposed be served consecutively;
3. because it failed to ascertain that his plea, which was tantamount to a guilty plea, was knowing and voluntary.

Appellant's first and third assignments of error are without merit; however, because the sentence imposed was illegal, we will vacate the sentence and remand for resentencing.

### 1. Violations occurring during probationary period

Appellant elected to proceed by way of a not guilty plea under an agreed statement of facts. After appellant had been advised by counsel of the nature of the proceedings, the prosecutor presented the statement of facts:

Your Honor, February 25, 1984[1] [sic], Mr. Nelson was released on probation, ordered to pay $160 fine—rather court costs. Total amount being $165. He was given probation rules and regulations. They were read to him. He was given an opportunity to ask questions. He did not ask any.

Upon his release after serving six months he was reporting to central intake unit upon being released. The agents [sic] in court today, Ms. Lyell, received the case after Walter Fletcher had the case originally. She has all the records kept in the normal course of business for Mr. Nelson's probation report. The nature of the violation

---

1. The record reflects that appellant's probation began February 25, *1981.*

today, Your Honor, is that on the 6th of December, 1984, Mr. Nelson appeared in Baltimore City Circuit Court before Judge Angeletti. And he received four years, Division of Correction for a theft and four years for possession of heroin.[2] ... In a second theft conviction, five years concurrent with the four previously imposed. Five years again on theft, again concurrent and five years on another theft, concurrent. ... Mr. Nelson failed to notify his agent of his arrest on 5/17/84.

He is also charged with violating number eight. Mr. Nelson shall not be in possession of any illegal controlled dangerous substance. The nature of that violation is the subsequent conviction for possession of heroin.

Appellant noted no additions or corrections to the statement of facts and moved for judgment of acquittal. The court denied the motion and found appellant guilty of the violations.

Appellant contends that the court erred in revoking his probation. Concerning two of the violations alleged—that he failed to obey all laws and that he illegally possessed a controlled dangerous substance—he posits: "Clearly, the mere fact that appellant may have been convicted of and sentenced for other crimes during his probationary period does not show that he committed a probation violation for, as the Court of Appeals has stated, 'it is not the conviction [or sentence] but the thing itself [the probationer] was doing which must justify the revocation, if it is to be justified at all.' *Swann* [*Swan* ] *v. State*, 200 Md. 420, 427 [90 A.2d 690] (1952)." He concludes that the proof was deficient in this case because it did not show that these violations actually occurred during the probationary period.

With respect to the third alleged violation, appellant argues that the wording of the charge, "failed to notify his agent of his arrest on 5/17/84", is ambiguous, admitting of

---

**2.** In response to the court's question as to whether the sentences were concurrent or consecutive, the assistant State's Attorney responded, "concurrent".

two possible interpretations. Because it is possible that the charge meant that he did not notify his agent on May 17, 1984 that he had been arrested, but did so on another date, appellant urges that there is insufficient proof of this allegation as well.

We are satisfied that, given the facts and circumstances of this case, the evidence was sufficient to establish that appellant's subsequent convictions were for violations of the law occurring while he was on probation, and, given the nature of those convictions, to prove that he illegally possessed controlled dangerous substances during the probationary period. In this regard, we note that appellant, apparently relying upon the prosecutor's statement during the statement of facts that the probationary term began February 25, 1984, premises his argument on an erroneous date. The probationary term in this case began February 25, 1981; thus, rather than nine and a half months from the beginning of the probationary term, the time in which the alleged violations could have occurred and still be within the probationary period was closer to three and a half years. *Compare Cornish v. State*, 65 Md.App. 213, 500 A.2d 295 (1985).

We are likewise satisfied that the evidence with respect to appellant's alleged failure to notify his agent of his arrest, was sufficient. We reject appellant's argument that the charge and the proof were ambiguous. We think it clear that 5/17/84 was the date of the arrest and that he was charged with failing to give his agent notice of that fact. The proof confirmed the charge.

### 2. Illegal Sentence

At the initial sentencing procedure, the trial court did not state whether the sentences which were imposed and suspended were to be served, upon their execution, concurrently or consecutively to each other. The docket entries merely reflect that they were imposed and, at least in major part, suspended.

After finding appellant guilty of violation of probation, the court reimposed the suspended sentences:

"THE COURT: I find him guilty of violation of probation. The original sentence is reimposed to be served consecutive to the sentencing he is now serving.

THE CLERK: For the record, on larceny that was 18 months and on the attempted . bad check which was amended to uttering, he received three years and he gets credit for six months.

THE COURT: Okay. All those sentences will be served consecutive to the sentence he is now serving.

THE DEFENDANT: I have seven and a half years?

THE COURT: I don't know. What is it? Nobody told you to get locked up.

THE DEFENDANT: I'm asking your sentence—

THE COURT: My sentence is consecutive.

THE DEFENDANT: That makes seven and a half years.

THE COURT: I don't know. I don't care how much it makes. They will figure it out for you at the prison."

While there is some ambiguity in the exchange between the court and appellant, from a review of the docket entries and the commitment record, *see* Maryland Rule 4–351(a), the conclusion is inescapable that the original sentences were directed to be consecutive to each other.

■ "It is clear ... that when probation is revoked and the suspension of a previously imposed sentence is stricken, then that sentence goes into effect, exactly as it was originally imposed." *Magrogan v. Warden*, 16 Md.App. 675, 677, 299 A.2d 460 (1973). *See Coleman v. State*, 231 Md. 220, 189 A.2d 616 (1963).[3] It may not be modified upward, which occurs when a concurrent sentence is made

---

3. *Magrogan* and *Coleman* were decided under former Art. 27, § 642. That statute now provides that the trial judge may sentence the probation violator "to serve the period of imprisonment prescribed in the original sentence or any portion thereof" following revocation. *See, Christian v. State*, 62 Md.App. 296, 302, 489 A.2d 64 (1985).

consecutive. *Wilson v. State,* 45 Md.App. 675, 676, 415 A.2d 605 (1980); *State v. White,* 41 Md.App. 514, 517, 397 A.2d 299 (1980).

■ The law in this State is settled, a previously suspended sentence of incarceration, reimposed following a revocation of probation is not modified upward by a direction from the trial judge that it be served consecutively to an intervening sentence of incarceration then actually being served. *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979); *DiPietrantonio v. State,* 61 Md.App. 528, 487 A.2d 676 (1985); *Hicks v. State,* 61 Md.App. 183, 485 A.2d 1021 (1985). Therefore, there can be no question but that there was no abuse when the court exercised its discretion to make the original sentences run consecutively to the intervening ones. *Kaylor* at 285 Md. at 75, 400 A.2d 419. This does not end our task, however.

Contending that his original sentences were concurrent when imposed, appellant says that the reimposition of those sentences as consecutive sentences renders illegal the sentence he received for violation of probation. He relies on *State v. White,* 41 Md.App. 514, 516, 397 A.2d 299 (1979) where this Court, referring to the second in the sentencing sequence, said:

> Judge Mitchell was silent as to whether the sentence was to be consecutive or concurrent with the earlier sentence handed out by Judge Miller. Under the circumstances, the law treats the latter sentence as concurrent with the former.

The State, placing principal reliance on the later cases of *Hicks* and *DiPietrantonio* rejoins that "this Court made clear that a judge imposing the original sentence and probation has the discretion to make those sentences consecutive or concurrent to any sentence then being served, or, presumably, to each other."[4]

---

**4.** The State also argues that appellant did not preserve the issue for appellate review. It is a sufficient answer to this contention that an

The State correctly points out that both *Hicks* and *Di-Pietrantonio* demonstrated that the reasoning in *White* was flawed. Although *DiPietrantonio* did not completely overrule *White,* it did explicitly overrule those "holdings to the contrary in *State v. White* and *Raines v. State* [54 Md.App. 543, 458 A.2d 1264 (1983)]", as well as "any dicta to the contrary." 61 Md.App. at 535, 487 A.2d 676. One such "holding" explicitly repudiated was *White's* misidentification of the "status quo" for sentencing purposes as including a sentence "in suspension but with ever-present potentiality for the lifting of that suspension". *Id.* at 532, 487 A.2d 676. *DiPietrantonio* thus seriously compromises the usefulness of the quoted passage from *White* as authority for the proposition for which it was offered.[5]

While appellant's reliance on *White* is misplaced, the State's reading of *DiPietrantonio* and *Hicks* is much too broad. Neither *Kaylor,* the case upon which *DiPietrantonio* heavily relied, *DiPietrantonio,* nor *Hicks,*[6] directly addresses the issue which remains—the power of the court to direct the original sentences, as to which no previous direction has been given, to be served consecutively. By necessary implication, however, we think the logical inference to be drawn from them is that the court's failure to specify when the sentence is concurrent or consecutive requires the sentences to be treated as concurrent.

■ We believe that when the trial judge in the instant case sentenced appellant at the initial sentencing proceedings, even though he suspended the execution of those sentences, his failure to designate whether they were to be

---

objection below is not required to preserve an appellant's right to challenge an illegal sentence. *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985).

**5.** *DiPietrantonio did* reaffirm *White's* analysis regarding the significance of the sentencing sequence. 61 Md.App. at 532, 487 A.2d 676.

**6.** The focus in each of these cases is upon the trial judge's statement of when his sentence will begin. It would follow that if an explicit statement is necessary to render a sentence consecutive, silence would necessitate the opposite result.

served concurrently or consecutively, rendered them concurrent. Although we have found no Maryland case directly on point, a noted commentator has observed:

> In the ordinary case, when multiple sentences of imprisonment are imposed—on conviction of two or more offenses charged in separate indictments or in separate accounts of the same indictment—it is for the sentencing judge to determine in his discretion whether such sentences are to run concurrently or consecutively. If he fails to state how sentences are to run, they are deemed to run concurrently ... (citations omitted)

Wharton's Criminal Procedure, § 629 (12th Ed. Torcia). *Stanton v. State*, 290 Md. 245, 428 A.2d 1224 (1981), a case which held that following conviction in the circuit court, the trial judge could legally impose a sentence to run consecutively to an earlier imposed district court sentence in an unrelated case that was then pending de novo review in the circuit court, was cited as standing for the proposition that where at the time of sentencing, the defendant is serving a sentence imposed by a different judge, "if the sentencing judge fails to state how the sentence is to run, it is deemed to run concurrently". *Id.* Although only inferential, the implication of *Stanton* is, had the circuit court failed to expressly impose its sentence consecutively to the existing district court sentence, the circuit court sentence would have been concurrent.

■ We find support for this position, albeit by analogy, in *Wright v. State*, 24 Md.App. 309, 330 A.2d 482 (1975). There, Wright received a life sentence for murder and a five year consecutive sentence for a handgun violation. Because he alleged that he was denied his right of allocution, this Court was called upon to determine if the denial was harmless error because "the sentence imposed for the murder conviction (life imprisonment) was mandatory and because the sentence imposed for the handgun violation (5 years consecutive) was the statutory minimum." *Id.* at 316, 330 A.2d 482. To resolve the issue we found it necessary to decide if Art. 27, § 36B(d) made mandatory a five year

consecutive sentence. We interpreted the statute and concluded that it did not. We found supportive of our conclusion the rule of statutory construction which construes penal statutes strictly against the government and in favor of persons on whom the penalty is sought to be imposed and particularly its corollary, "... in case of doubt concerning the severity of the penalty prescribed by a statute construction will favor a milder penalty over a harsher one." *Id.* at 319–20, 330 A.2d 482. We concluded:

> While the rule is most often applied to situations in which the question is what is or is not criminal conduct under a statute, we think the purpose and rationale for the rule apply with equal force to the question presented here. Where, as here, the statute does not make clear on its face the type of sentence which can be imposed, it should be construed so as to allow either consecutive or concurrent sentences.

*Id.* *See also Johnson v. State,* 56 Md.App. 205, 212–16, 467 A.2d 544 (1983), *cert. denied,* 299 Md. 136, 472 A.2d 999 (1984). Where, as here, the record does not reflect whether the sentences, when imposed, were meant to run concurrently or consecutively with each other, we hold the sentences should be construed to be concurrent with each other. Resentencing is required.

Our conclusion is consistent with the result reached in other States. *See e.g., State v. Pina,* 185 Conn. 473, 440 A.2d 962, 967 (1981) ("In the absence of a timely designation of the defendant's sentence as concurrent with or consecutive to his prior undischarged term of imprisonment, the common-law rule prevails, and the sentence will be treated as concurrent"); *State v. Robinson,* 262 N.W.2d 270, 272 (Iowa 1978) (Concurrent sentencing is the ground rule unless the trial court expressly provides otherwise); *Valenzuela v. State, Ex Rel. Eyman,* 14 Ariz.App. 374, 483 P.2d 606, 607 (1971) ("... Where two or more sentences are imposed against the same person they are to be served concurrently rather than consecutively unless the contrary clearly appears."); *Howard v. Craven,* 306 F.Supp. 730, 734

(D.Ct., C.D.Cal.1969) (unless trial court states that a sentence on a second or subsequent court of an indictment is to be served consecutively, it is conclusively presumed that it runs concurrently with the sentence on the first count.)

### 3. Plea

■ Appellant finally contends that the court erred in failing to ascertain whether or not his plea, which he asserts was tantamount to a guilty plea, was voluntarily and knowingly made. We disagree.

We note at the outset that Maryland Rule 4–242 does not apply to probation violation proceedings, *Howlette v. State,* 295 Md. 419, 424–25, 456 A.2d 375 (1983), and that the "full panoply of constitutional rights due a defendant at a criminal trial has no application in probation revocation hearings." *Id.* at 427, 456 A.2d 375. So long as the record discloses that the proceedings were fundamentally fair, that appellant was aware of the charges and proceeded voluntarily, no particular litany is required. *Id.*

We believe the record does so disclose.

CONVICTION AFFIRMED; SENTENCE VACATED AND THE CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

COSTS TO BE PAID ONE-HALF BY APPELLANT ONE-HALF BY MAYOR AND CITY COUNCIL OF BALTIMORE.