## JAMES ERNEST STANTON *v.* STATE OF MARYLAND

[No. 1029, September Term, 1979.]

*Decided June 11, 1980.*

The cause was argued before MELVIN, COUCH and MACDANIEL, JJ.

*John W. Sause, Jr., District Public Defender,* for appellant.

Submitted on brief by *Stephen H. Sachs, Attorney General, Kathleen M. Sweeney, Assistant Attorney General,* and *Donaldson C. Cole, Jr., State's Attorney for Cecil County,* for appellee.

MELVIN, J., delivered the opinion of the Court.

On April 30, 1979, the appellant, James Ernest Stanton, appeared with counsel in the Circuit Court for Cecil County for trial on a six count indictment charging him with larceny and related offenses in connection with his unlawful appropriation of an unemployment check issued to a third

---

* Note: *Certiorari* granted, Court of Appeals of Maryland, October 10, 1980.

person by the New Jersey State Department of Labor and Industry. His plea of guilty to the 5th count of the indictment (forgery) was accepted by the court and a verdict of guilty was rendered thereon. The other counts of the indictment were nol prossed by the State. Sentencing was deferred pending receipt of an up-to-date presentencing report.

While awaiting sentencing on the forgery charge, the appellant, on July 11, 1979, was sentenced to five years imprisonment by the District Court of Maryland sitting in Cecil County on an unrelated assault charge. He appealed the assault conviction to the Circuit Court for Cecil County. On August 16, 1979, which was before the assault charge had been tried *de novo* in the circuit court, the appellant came before the court for sentencing on the forgery charge. His counsel urged the court to "consider the possibility of a concurrent sentence." The court, however, imposed a sentence of five years "to run consecutively to the sentence passed in the Cecil County District Court . . . on July 11, 1979."

The sole issue before us is the legality of making the August 16, 1979 sentence *consecutive* to the District Court sentence before disposition of the appellant's then pending appeal from the the District Court judgment of conviction.

Appellant argues that, "in contemplation of law, there was no District Court judgment or sentence at the time that Appellant was sentenced." Consequently, he argues, making the sentence *consecutive* to the District Court sentence was legally impermissible. We would agree that *if* "there was no District Court . . . sentence at the time Appellant was sentenced" in the circuit court on August 16, 1979, the imposition of a sentence to be consecutive to that non-existent District Court sentence would be illegal, or, more accurately, an "empty gesture"; for as said by Judge Moylan for this Court in *State v. White,* 41 Md. App. 514, 515-516, 397 A.2d 299 (1979):

> "From the first judge in the sentencing sequence, the adverbs 'concurrently' and 'consecutively' are but empty gestures. A judge cannot imbue the sentence, in any controlling fashion, with power

over the future judicial actions of others. His sentence may not be consecutive or concurrent to something which does not yet (and may never) exist. The first sentencing judge simply creates that *status quo* to which a later sentencing judge may relate."

In other words, if there were no District Court sentence in existence at the time the circuit court imposed its sentence, the circuit court judge would have been "the first judge in the sentencing sequence" and therefore his sentence could not be made "consecutive or concurrent to something which does not yet (and may never) exist."

We do not agree, however, that the District Court sentence imposed on July 11, 1979, did not exist on August 16, 1979, when the circuit court imposed its sentence. Appellant argues that it did not exist "in contemplation of law" because the judgment on which it was based had been appealed and § 12-401 (d) of the Courts and Judicial Proceedings Article provides that appeals from the District Court in criminal cases "shall be tried de novo." He contends that the effect of a pending trial de novo following an appeal from the District Court is to "wash out" the trial in the District Court, including any sentence imposed there, "as if no judgment had been entered. ..." Appellant refers us to certain language in *Pinkett v. State,* 30 Md. App. 458, 352 A.2d 358, *cert. denied,* 278 Md. 730 (1976) and *Hardy v. State,* 279 Md. 489, 369 A.2d 1043 (1977), that, he argues, supports this contention.

In *Pinkett,* this Court dealt with the issue of whether on a de novo appeal from the District Court the State could abandon District Court charging documents and proceed by way of new criminal informations. We said, in an opinion by Chief Judge Orth, at 30 Md. App. 469:

"The short of it is that we find plain intent from the statute and rules that a trial de novo in a criminal case on appeal to the circuit court from a final judgment of the District Court shall proceed only on

the same charging document which was the basis of the original trial. A trial of the appeal under any other charging document is void. *The de novo trial washes out the trial in the District Court but not the basis for it." (Emphasis added).*

In *Hardy,* the Court of Appeals, in an opinion by Judge Eldridge, held that a defendant has a right to a jury trial in the circuit court upon a de novo appeal from a District Court criminal conviction. The Court said, at 279 Md. 492-493:

". . . It is generally accepted that 'de novo' means 'afresh' or 'anew.' The central issue of this case, therefore, is whether the Legislature's use of the term 'de novo' requires that the defendant's appeal be treated as if it were entirely an original proceeding, thus including a right to a trial by jury. The State contends that it does not and that 'the de novo aspect of the appeal should only apply to the necessity to present the evidence a second time.'

We disagree. The State's suggested construction of the statutory term 'de novo' is too narrow. *This Court has consistently treated de novo appeals as wholly original proceedings, that is, as if no judgment had been entered in the lower court."* (Emphasis added).

We do not believe that when the emphasized portions of these quotations are read in proper context they furnish authority for the proposition that a pending appeal from a District Court criminal conviction has the effect of "washing out" or rendering non-existent a sentence imposed by the District Court. While the *execution* of a District Court sentence may or may not be stayed when an appeal has been taken,[1] an appeal does not alter the fact that it has been

---

1. *See* Md. District Rule 778 a:

*"Sentence Stayed by Appeal or Appellate Review.*

An appeal or review by any appellate court, including the Supreme Court of the United States, stays a sentence of imprisonment if the defendant is released pursuant to M.D.R. 776

*imposed* and is still in existence. It remains in existence unless duly changed by the sentencing judge or until such time as the defendant, upon his de novo trial, is either acquitted or found guilty. If he is found guilty at the de novo trial and is sentenced anew, the District Court sentence then no longer exists.

In *State v. White, supra,* at 515, we said:

"... A judge must relate the sentence he imposes to the *status quo* at the moment of sentencing. He may deal with the present or the past as concrete reality. He may make his sentence concurrent with or consecutive to whatever other sentence then exists, either 1) actually being served or 2) in suspension but with ever-present potentiality for lifting of that suspension."

In the case at bar, at the moment the circuit court imposed its sentence, the District Court sentence was in existence. It was therefore not improper for the sentencing judge to make his sentence consecutive to that then existent sentence.[2]

*Judgment affirmed; costs to be paid by appellant.*

---

(Release After Conviction). Any other sentence or order or condition of probation may be stayed upon terms the court deems proper."

**2.** The record before us does not reveal the disposition of the appellant's de novo appeal of the assault charge. From what we have said, however, it follows that if he was found guilty at a de novo trial on that charge, any sentence imposed therefor by the circuit court would (because of the de novo nature of the proceedings) be a new sentence, regardless of its length, and would, as of the date of imposition of the new sentence, completely displace the original District Court sentence. The District Court sentence would *then* be nonexistent just as if it had completely expired. The result would be that the sentence for forgery, imposed by the circuit court on August 16, 1979, would then be subject to immediate execution. Its execution would not have to await the expiration of the new sentence that might have been imposed after the de novo trial on the assault charge.