## JAMES ERNEST STANTON v. STATE OF MARYLAND

[No. 72, September Term, 1980.]

*Decided May 4, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*John W. Sause, Jr., District Public Defender,* for appellant.

Submitted on brief by *Stephen H. Sachs, Attorney General,* and *Stephen Rosenbaum, Assistant Attorney General,* for appellee.

MURPHY, C. J., delivered the opinion of the Court.

We granted certiorari in this case to consider whether, upon a criminal conviction in a circuit court, the trial judge

may legally impose a sentence to run consecutively to an earlier imposed District Court sentence in an unrelated case which is then pending de novo review in the circuit court.

On April 30, 1979, the appellant pleaded guilty in the Circuit Court for Cecil County to forgery. Judge H. Kenneth Mackey accepted the guilty plea and deferred sentence pending receipt of a presentence report. On July 11, 1979, prior to imposition of sentence for the forgery offense, the appellant was convicted of assault in the District Court of Maryland and was sentenced to five years' imprisonment. He appealed that conviction to the circuit court, pursuant to Maryland Code (1974, 1980 Repl. Vol.), § 12-401 of the Courts and Judicial Proceedings Article, thereby entitling him to be tried de novo.[1] On August 16, 1979, prior to disposition of the de novo appeal, Judge Mackey sentenced the appellant to a five-year term for the forgery conviction to run consecutively to the five-year sentence imposed on the assault charge in the District Court. The consecutive sentence was imposed over appellant's objection that the entry of the de novo appeal of the District Court conviction nullified the District Court judgment and consequently no sentence then existed to which the circuit court sentence could consecutively run.

On appeal, the Court of Special Appeals, in an opinion by Judge Melvin, said:

"While the *execution* of a District Court sentence may or may not be stayed when an appeal has been taken, an appeal does not alter the fact that it has been *imposed* and is still in existence. It remains in existence unless duly changed by the sentencing judge or until such time as the defendant, upon his de novo trial, is either acquitted or found guilty. If he is found guilty at the de novo trial and is sentenced anew, the District Court sentence then no longer exists.

---

1. Section 12-401 (d) provides that, in a criminal case on appeal from a judgment of the District Court, the appeal "shall be tried de novo."

* * *

"In the case at bar, at the moment the circuit court imposed its sentence, the District Court sentence was in existence. It was therefore not improper for the sentencing judge to make his sentence consecutive to that then existent sentence."

*Stanton v. State,* 45 Md. App. 662, 665-66, 415 A.2d 305 (1980) (emphasis in original, footnotes omitted).

The Court of Special Appeals pointed out that even though appellant had appealed the assault conviction, and would be afforded a trial de novo in the circuit court, nevertheless he was incarcerated on a commitment pursuant to the District Court sentence.[2] The court observed that the record did not disclose the disposition of the de novo appeal of the assault charge but that any sentence imposed by the circuit court would be a new sentence "and would, as of the date of imposition of the new sentence, completely displace the original District Court sentence"; that the District Court sentence "would then be non-existent just as if it had completely expired"; and that the result would be that the circuit court sentence for the forgery offense would then be subject to immediate execution and would not await the expiration of the new sentence that might have been imposed after the de novo hearing on the assault charge. 45 Md. App. at 666 (n. 2). The court affirmed the judgment of the Circuit Court for Cecil County.

Before us the appellant agrees that a guilty finding at his de novo trial will result in a circuit court sentence which completely displaces the earlier District Court sentence. He restates his position: because the District Court judgment "was clinically if not legally dead" at the time of Judge Mackey's sentence on the forgery charge, and because a new circuit court sentence on the assault conviction was

---

**2.** Maryland District Rule (M.D.R.) 776 a provides that after conviction, pending an appeal, a defendant may be released in the discretion of the district judge upon compliance with certain conditions.

inevitable, it was impossible for Judge Mackey's sentence to run consecutively to the defunct District Court sentence. Appellant therefore urges that the judgment of the Court of Special Appeals be reversed and the case remanded with instructions that Judge Mackey's five-year consecutive sentence be reversed and he be instructed to enter a sentence "without reference to the de novo appeal heard in the Circuit Court."

The Attorney General, referring to the case as an "academic legal battle," states that the Court of Special Appeals granted appellant essentially the relief he requested, namely, that the sentence for the forgery offense would be served without regard to the sentence imposed after the de novo appeal.

In *Hardy v. State,* 279 Md. 489, 369 A.2d 1043 (1977), we considered whether a defendant has a right to a jury trial in the circuit court upon a de novo appeal from a District Court criminal conviction. In the course of the opinion in that case, we observed that "de novo" means "afresh" or "anew." We said that the statute authorizing de novo criminal appeals from District Court judgments, § 12-401 of the Courts Article, requires that the appeal "be treated as if it were entirely an original proceeding, thus including a right to a trial by jury." *Id.* at 492-93. In response to a contention advanced by the State that the right of de novo appeal applied only to the necessity to present the evidence a second time, we said that the suggested construction of the statutory term "de novo" was too narrow. It was in this context that we said:

> "This Court has consistently treated de novo appeals as wholly original proceedings, that is, as if no judgment had been entered in the lower court."
> *Id.* at 493.

Nothing in *Hardy* suggests, even remotely, that the mere entry or perfecting of a de novo appeal under § 12-401 of the Courts Article nullifies the District Court sentence prior to adjudication by the circuit court of the defendant's appeal. Indeed, M.D.R. 776 a (*see* n. 2, *supra*) contemplates that the

defendant may be incarcerated under the District Court sentence pending determination of the de novo appeal unless he is released by the district judge.

In a similar vein, *Briggs v. State,* 289 Md. 23, 421 A.2d 1369 (1980), indicates that a District Court judgment in a criminal case is not extinguished for all purposes by the entry of a de novo appeal to the circuit court. In that case, the appellant was convicted of assault in the District Court of Maryland and appealed. At his de novo trial, he received a more severe sentence because subsequent to his trial in the District Court, but prior to his de novo trial, he was convicted of several other assaults in the circuit court. These assaults had actually occurred prior to the assault offense then under consideration. Briggs had been originally convicted of these offenses in the District Court and had appealed. Although we were faced only with the issue of whether the circuit court judge improperly increased Briggs' sentence, we noted at 289 Md. 34, n. 11, 421 A.2d 1376:

> "In *Henry* [*v. State,* 273 Md. 131, 328 A.2d 293 (1974)], we recognized that whereas bald accusations of prior criminal conduct are not to be considered by a sentencing judge, reliable evidence concerning the details or surrounding circumstances of such conduct ordinarily may be taken into account; while there may be exceptions, this is generally permitted even if the defendant at the time of sentencing remained untried for the prior conduct or had been acquitted of the charges involving that conduct. *Id.* at 147-48, 328 A.2d at 303. *Manifestly, this would encompass conduct resulting in a conviction from which, at the time of sentencing in the case involving later criminal conduct, there was an appeal pending from a conviction involving earlier misconduct.*" (Emphasis supplied.)

*Briggs* indicates that an appeal of a District Court criminal conviction does not "wipe the slate clean," as appellant suggests, because the sentencing judge may consider the

prior District Court conviction, even though it is pending on appeal.

We conclude, as the Court of Special Appeals concluded, that appellant's sentence for the District Court assault remained in effect pending determination of the de novo appeal. Thus, at the time Judge Mackey sentenced the appellant for the forgery offense, the five-year sentence imposed upon him, to run consecutively to the District Court sentence, was not unlawful, even though at a later time, the District Court sentence would be superseded by a new sentence imposed by the circuit court.[3]

*Judgment affirmed, with costs.*

---

3. Of course, if the defendant was acquitted at the de novo trial, there would be no underlying conviction to which the forgery sentence could be made consecutive.