*85
 
 EYLER, JAMES R., J.
 

 Robert Michael Wilson, appellant, appeals from the Circuit Court for Carroll County’s denial of his application for a writ of
 
 habeas corpus.
 
 Appellant is presently in the custody of the Division of Correction (DOC), within the Department of Public Safety and Correctional Services, housed in the Maryland House of Correction. Appellees are Stuart O. Simms, in his then capacity as Secretary of the Department; William R. Sondervan, in his capacity as Commissioner of the Division of Correction; and Ronald Hutchinson, in his capacity as Warden of the Maryland House of Correction. Appellant contends that he is entitled to immediate release from confinement. As explained below, we disagree.
 

 Factual Background
 

 Appellant has been in trouble with law enforcement agencies in several jurisdictions on several occasions, some predating the events recited herein. We pick up the story on December 19, 1978, when appellant was convicted by a jury in the Circuit Court for Carroll County of assault with intent to murder, burglary, and related offenses. On February 8, 1979, after merging the offenses for purposes of sentencing, the circuit court sentenced appellant to 18 years’ imprisonment for the assault with intent to murder conviction, to be served “consecutive with the sentence received in Talbot County”;
 
 [1]
 
 15 years’ imprisonment for a conviction of burglary, to be served consecutively to the term imposed for the assault with intent to murder conviction; 15 years’ imprisonment for a conviction of conspiracy, to be served concurrently with the term imposed for the conviction of burglary; and 3 years’ imprisonment for a conviction of carrying a weapon openly, to be served consecutively to the term imposed for the conviction of burglary. We shall refer to this sentence as the “36 year” or “Carroll County” sentence/term.
 

 
 *86
 
 On January 20, 1979, the Circuit Court for Talbot County sentenced appellant with respect to several prior convictions in that court. Appellant was sentenced to 15 years’ imprisonment for a conviction of armed robbery; 15 years for a second conviction of armed robbery; 10 years for a conviction of burglary; 5 years for a conviction of conspiracy; and 5 years for a conviction of unlawful use of a handgun in the commission of a crime of violence. The court ordered that each term of imprisonment be served consecutively to the other terms and that all terms were to be served “consecutive to the sentences previously imposed in other jurisdictions.” We shall refer to this sentence as the “50 year” or “Talbot County” sentence/term.
 

 The Carroll County convictions were affirmed on appeal.
 
 Wilson v. State,
 
 (Court of Special Appeals of Maryland No. 704, Sept.
 
 Term, 1979,
 
 filed: February 27, 1980). Appellant’s petition for certiorari was denied.
 

 On March 26, 1999, the Talbot County convictions were vacated by the Circuit Court for Talbot County, on petition for post-conviction relief, based on prosecutorial misconduct. The State appealed, and this Court reversed.
 
 State v. Wilson,
 
 No. 519, Sept. Term 1999 (filed May 12, 2000). Appellant’s petition for writ of certiorari was granted, and the Court of Appeals reversed this Court.
 
 Wilson v. State,
 
 363 Md. 333, 768 A.2d 675 (2001). On May 9, 2002, the State
 
 nol prossed
 
 the charges.
 

 On June 19, 2002, appellant filed an application for writ of habeas corpus in the Circuit Court for Carroll County, contending that, once the Talbot County convictions were vacated, he was entitled to immediate release.
 

 Appellant was represented by counsel in the circuit court and is represented on appeal. In addition to papers filed by counsel in circuit court and a brief filed in this Court, appellant, purporting to act
 
 pro se,
 
 filed several papers in the circuit court and in this Court.
 

 
 *87
 
 Framing the Issues
 

 We shall attempt to explain the issues and the contentions of the parties, but first we shall build the framework.
 

 The relevant statutory provisions are contained in Md.Code (2001), § 6-218 of the Criminal Procedure Article, providing for credit on a sentence for time spent in custody, and Md.Code (1999), Title 3, Subtitle 7 of the Correctional Services Article, providing for diminution of confinement credits while in custody. Generally, diminution of confinement credits are awarded monthly as earned, but good conduct credits are deducted in advance and rescinded if an inmate misbehaves.
 

 The “term of confinement” concept is part of the statutory scheme governing diminution of confinement credits. A term of confinement is “the period from the first day of the sentence that begins first through the last day of the sentence that ends last.” § 3-701(2) of the Corr. Serv. Art. The “maximum expiration date” is the date that the term of confinement expires.
 
 Id.
 
 The anticipated “mandatory supervision release” date, a conditional release from confinement, is determined by applying diminution of confinement credits to the maximum expiration date. § 7-501 of the Corr. Serv. Art.
 

 On January 23, 1990, appellant was paroled by the Delaware Board of Parole. The certificate of parole states that appellant was paroled to the “Maryland detainer only.” Appellant did not come into the custody of the Maryland DOC, however, until May 2, 1990. It is not clear where appellant was between January 23 and May 2, 1990. The circuit court, in its opinion denying appellant’s petition for writ of habeas corpus, stated that his whereabouts were unknown. There is some indication in the record that appellant may have been in custody in Virginia, although the circumstances are not explained. At oral argument, appellant’s counsel asserted that appellant was physically incarcerated in Virginia while serving the Delaware sentence, and that authorities there continued to hold him awaiting pick up by Maryland authorities. That assertion was disputed by appellee’s counsel.
 

 
 *88
 
 When appellant was received into custody, the DOC calculated the maximum expiration date of appellant’s term of confinement as August 15, 2074. To reach this date, the DOC used January 23, 1990, as the start date, applied the 526 day credit to the Carroll County term, and added the terms of confinement from both the Carroll County and the Talbot County sentences.
 
 See
 
 § 3-701(2) of the Corr. Serv. Art.
 

 After appellant’s Talbot County convictions were vacated, the DOC recalculated appellant’s maximum expiration date to be November 22, 2024. Again, the DOC used January 23, 1990, as the start date, applied 526 days’ pretrial credit, and added 36 years.
 

 In response to appellant’s application for writ of habeas corpus, and prior to the hearing in the circuit court, the DOC computed appellant’s mandatory supervision release date as follows. Using the calculation set forth in the preceding paragraph, appellees applied 2073 good conduct diminution of confinement credits, computed at 5 credits per month from May 2, 1990, to November 22, 2024,
 
 [2]
 
 § 3-704 of the Corr. Serv. Art.; 407 industrial diminution of confinement credits, § 3-705 of the Corr. Serv. Art.; and 252 special project diminution of confinement credits, § 3-707 of the Corr. Serv. Art. The D.O.C. then subtracted 65 good conduct credits imposed for disciplinary violations. Application of the net of the diminution of confinement credits to the maximum expiration date yielded an anticipated mandatory supervision release date of August 4, 2017. § 7-501 of the Corr. Serv. Art.; COMAR 12.02.06.01B(8). The D.O.C. concluded that appellant was lawfully detained, and his application should be dismissed.
 

 On July 29, 2003, the Circuit Court for Carroll County held a hearing on appellant’s application. At the time of the
 
 *89
 
 hearing, appellees re-calculated the maximum expiration date of appellant’s term of confinement to be May 2, 2026.
 
 See
 
 § 3-701(2) of the Corr. Serv. Art; COMAR 12.02.06.01B(18) (defining term of confinement); and COMAR 12.02.06.01B(12) (defining maximum expiration date). Appellees determined that March 26, 1999, the date the Talbot County convictions were vacated, was the commencement date of the Carroll County sentence; subtracted 526 days as pretrial credits, making the start date October 16, 1997; allowed credits for the time served under the Talbot County sentence from May 2, 1990 (not January 23, 1990) to October 16, 1997,
 
 see
 
 § 6-218(d) of the Crim. Pro. Art.; and ran 36 years from the resultant date, May 2, 1990. Additionally, appellees allowed 2160 good conduct credits, § 3-704 of the Corr. Serv. Art., computed at 5 credits per month from May 2, 1990, to the maximum expiration date, May 2, 2026; 407 industrial credits, § 3-705 of the Corr. Serv. Art.; and 292 special project credits, § 3-707 of the Corr. Serv. Art. Appellees also subtracted 65 good conduct credits rescinded for disciplinary violations. The result was an anticipated mandatory supervision release date of September 18, 2018. § 7-501 of the Corr. Serv. Art.
 

 In a memorandum opinion and order dated September 30, 2003, the circuit court denied appellees’ motion to dismiss, but, on the merits, denied appellant’s application. The court adopted appellees’ position, finding that appellant’s Carroll County sentence began on March 26, 1999, the date the Talbot County convictions were vacated; applied 526 pretrial credits, making the start date October 16, 1997; and credited the 2724 days between May 2, 1990, and October 16, 1997. The court concluded that appellant’s maximum expiration date is May 2, 2026, and that his anticipated mandatory supervision release date was to be determined by the DOC, after applying diminution of confinement credits.
 

 Parties’ Contentions
 

 Appellant, in the circuit court and on appeal, contends that his Carroll County sentence should be deemed to have begun
 
 *90
 
 on February 8, 1979, because, when the Talbot County convictions were vacated, there was nothing to which the Carroll County sentence could be consecutive. Thus, after applying 526 pretrial credits, appellants’ actual start date should be August 31, 1977. After applying all the credits he is allegedly owed, appellant argues that he is entitled to immediate release from confinement.
 
 [3]
 

 In his brief, appellant, through counsel, argues that (1) the circuit court erroneously construed the effect of vacating the Talbot County convictions and that the Carroll County sentence began on the date of his sentencing for the Carroll County convictions; (2) the circuit court erred in relying on § 6-218(d) of the Criminal Procedure Article in concluding
 
 *91
 
 that the Carroll County sentence began on March 26, 1999; and (3) in the alternative, the applicable law is ambiguous and the writ of habeas corpus should be issued under the rule of lenity.
 

 Appellees contend that (1) the court erred in denying their motion to dismiss because appellant did not state a colorable claim of entitlement to immediate release; and (2) the circuit court did not err in its ruling on the merits. With respect to the first contention, appellees argue that, even assuming the Carroll County sentence began on February 8, 1979, after applying the 526 pretrial credits and adding the 36 years, the maximum expiration date of appellant’s term of confinement would be August 13, 2013. After applying good conduct credits at a rate of 5 per month from May 2, 1990 (a total of 1400) and 407 industrial credits, and 292 special project credits, and subtracting 65 good conduct credits as a result of disciplinary violations, appellant’s mandatory supervision release date would be February 5, 2008. Consequently, appellant would not be entitled to immediate release, and he must exhaust his administrative remedies before petitioning for a writ of
 
 habeas corpus.
 

 Standard of Review
 

 We review the denial of an application for habeas corpus relief under the standard set forth in Maryland Rule 8-131(c). We will review the case on both the law and the evidence, and we will not set aside the judgment on the evidence unless clearly erroneous.
 
 Id.
 
 Additionally, we note that Maryland Rule 15-303(e)(3)(A) provides that the court shall grant the writ unless “the judge finds from the petition, any response, reply, document filed with the petition or with a response or reply, or public record that the individual confined or restrained is not entitled to any relief.”
 

 Discussion
 

 Before addressing appellant’s arguments on the merits, we recognize that an application for a writ of
 
 habeas corpus
 
 is proper under certain circumstances. Pursuant to
 
 *92
 
 §§ 10-201 to 10-210 of the Correctional Services Article, governing complaints to the Inmate Grievance Office, when an inmate such as appellant alleges entitlement to immediate release and makes a colorable claim that he has served his sentence, less credits, the inmate is not required to pursue administrative remedies.
 
 Maryland House of Correction v. Fields,
 
 348 Md. 245, 261, 703 A.2d 167 (1997). While it appears likely that appellant is not entitled to immediate release even if we assume he is correct in his contentions, we shall address his contentions on the merits.
 

 Effect of vacating Talbot County convictions
 

 Appellant’s primary argument is that the Carroll County sentence should be deemed to have begun on the date it was imposed because, when the Talbot County convictions were vacated, the effect was as if they never existed. By applying 526 pretrial credit days to the date of imposition of the sentence, February 8, 1979, appellant concludes that the Carroll County sentence began on August 31, 1977. Relying on
 
 Stanton v. State,
 
 290 Md. 245, 428 A.2d 1224 (1981), appellant reasons that a sentence consecutive to nothing cannot exist and has to begin immediately. In addition, appellant relies on
 
 Robinson v. Lee,
 
 317 Md. 371, 564 A.2d 395 (1989), and
 
 State v. Sayre,
 
 314 Md. 559, 552 A.2d 553 (1989), and argues that the interpretation of the Carroll County sentence is limited to the words used, and the words linked the sentence to the Talbot County sentence only.
 

 The authorities relied on by appellant are not on point. In
 
 Stanton,
 
 290 Md. at 245-46, 428 A.2d 1224, following a criminal conviction in circuit court, the circuit court imposed a sentence to be served consecutively to a sentence earlier imposed in district court in an unrelated matter, which was pending for
 
 de novo
 
 review in the circuit court. The Court of Appeals upheld the circuit court sentence as beginning when the district court sentence was superseded by a new sentence imposed by the circuit court on
 
 de novo
 
 review if the defendant was convicted or, if not, at the time of acquittal. 290 Md. at 250, 428 A.2d 1224. The Court held that the sentence in
 
 *93
 
 question began when the prior sentence ceased to exist, but we note that the prior sentence was not vacated based on reversible error. The case is of limited assistance, therefore, and tends to favor appellees’, rather than appellant’s, position.
 

 In
 
 Robinson,
 
 a sentence was imposed that was to be served “consecutive with the sentence now serving.” The Court, observing that a sentence is limited to the words used by the court, 317 Md. at 377, 564 A.2d 395, held that the sentence was to be served consecutive only to the sentence then being served and not to the aggregate of all preexisting unserved sentences.
 
 Id.
 
 at 378, 564 A.2d 395.
 

 In
 
 Sayre,
 
 314 Md. at 560, 552 A.2d 553, the question was whether, applying Rule 4-345(b), which prohibits an increase in sentence after the sentence is imposed, the circuit court had in fact imposed a sentence before it attempted to change it. The court imposed a sentence and stated that it was to be served concurrently with another sentence, terminated the ease, and placed the defendant in the custody of officers in the courtroom. The court then changed the sentence to one to be served consecutively. The Court held that sentence had been imposed when the court terminated the proceedings, and the court could not change it.
 

 In the case before us, the Carroll County court did not change or attempt to change the sentence. The sentence was also quite clear. It was to be served consecutively to the Talbot County sentence, and the Talbot County sentence clearly was to be served consecutively to sentences previously imposed in other jurisdictions. The Delaware sentence was imposed prior to the Talbot County sentence. With respect to the words used, it is clear that the Carroll County sentence, by incorporating the Talbot County sentence, was to be consecutive to sentences previously imposed in other jurisdictions. The earliest the sentence could begin, therefore, after the Talbot County convictions were vacated, was when appellant was paroled in Delaware and came into custody of the DOC.
 

 
 *94
 

 Section 6-218 of the Crim. Pro. Article
 

 In 2001, the legislature enacted § 6-218 of the Crim. Pro. Article, without substantive change from § 688C of Article 27. 2001 Laws of Maryland, Chapter 10. In 1974, the legislature enacted § 638C of Article 27 for the purpose of providing that, under certain circumstances, persons shall receive credit against their sentences for any time spent in custody. 1974 Laws of Maryland, Chapter 735, § 1.
 

 Section 6-218 of the Criminal Procedure Article, §§ (b),(c), and (d) (formerly (a)(b) and (c), respectively), provide:
 

 (b) (1) A defendant who is convicted and sentenced shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in the custody of a correctional facility, hospital, facility for persons with mental disorders, or other unit because of:
 

 (i) the charge for which the sentence is imposed; or
 

 (ii) the conduct on which the charge is based.
 

 (2) If a defendant is in custody because of a charge that results in a dismissal or acquittal, the time that would have been credited if a sentence had been imposed shall be credited against any sentence that is based on a charge for which a warrant or commitment was filed during that custody.
 

 (3) In a case other than a case described in paragraph (2) of this subsection, the sentencing court may apply credit against a sentence for time spent in custody for another charge or crime.
 

 (c) A defendant whose sentence is set aside because of a direct or collateral attack and who is reprosecuted or resentenced for the same crime or for another crime based on the same transaction shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in custody under the prior sentence, including credit applied against the prior sentence in accordance with subsection (b) of this section.
 

 
 *95
 
 (d) A defendant who is serving multiple sentences, one of which is set aside as the result of a direct or collateral attack, shall receive credit against and a reduction of the remaining term of a definite or life sentence, or the remaining minimum and maximum terms of an indeterminate sentence, for all time spent in custody under the sentence sot aside, including credit applied against the sentence set aside in accordance with subsection (b) of this section.
 

 Subsection (b)(1) addresses those situations where a defendant is in custody before trial and is subsequently convicted on the charge for which he was held. The time spent in custody prior to the imposition of sentence must be credited against the sentence imposed.
 
 Fleeger v. State,
 
 301 Md. 155, 160, 482 A.2d 490 (1984). Subsection (b)(2) addresses those situations where a defendant is in custody and a warrant or commitment is lodged against him. If the original charge results in a dismissal or acquittal, and the defendant is convicted of the charge for which the warrant or commitment was lodged against him, the time spent in custody must be credited against the sentence imposed for the conviction.
 
 Fleeger,
 
 301 Md. at 162-63, 482 A.2d 490. In cases other than those described in (b)(2), the sentencing court has discretion to apply credit for time spent in custody for another charge or crime.
 

 Subsection (c) addresses the situation where a defendant’s sentence is set aside on direct or collateral attack, and the defendant is reprosecuted and resentenced for the same crime or another crime based on the same transaction. The sentencing court must apply credit for time spent in custody under the prior sentence, “including credit applied against the prior sentence in accordance with subsection (b) of this section.”
 

 Subsection (d) addresses the situation where a defendant is serving multiple sentences and one of them is set aside as a result of a direct or collateral attack. The sentencing court must apply credit for time spent in custody under the sentence
 
 *96
 
 set aside, “including credit applied against the sentence set aside in accordance with subsection (b) of this section.”
 

 The Court of Appeals has noted that one purpose of the statute is to minimize the possibility that “an accumulated reserve of time could be used to offset a sentence for a future, yet uncompleted crime.”
 
 Fleeger,
 
 301 Md. at 163, 482 A.2d 490. Another purpose is to eliminate time spent in custody that will not be credited to any valid sentence.
 
 Id.
 
 at 165, 482 A.2d 490. Subsections (c) and (d) operate like (b)(2), although (c) and (d) apply to sentences set aside, and (b)(2) applies to dismissals and acquittals.
 
 Chavis v.
 
 Smith, 834 F.Supp. 153, 159 (D.Md.1993). All of the subsections apply to time spent in custody in other jurisdictions.
 
 Id.
 

 The circuit court, in denying appellant’s application for habeas corpus relief, relied on the language in subsection (d), requiring that credit be applied to the Carroll County sentence for “all time spent in custody under the sentence set aside[,]” and held that “any defendant whose prior sentence is set aside, begins serving the new sentence on the date the prior sentence was set aside.” Appellant argues that the court erred in relying on this provision and specifically points to the language in (d) requiring credit for all time spent in custody under the sentence set aside, “including credit applied against the sentence set aside.” Appellant concludes that the language, when read in connection with (b)(2), requires appellees to “transfer the time and earned good time credits and other such credits” to the Carroll County sentence.
 

 As noted in footnote 4, appellant’s argument with respect to credits is not clear, but it appears appellant is arguing that he is entitled to credit for all time served from February 8, 1979, to date, plus diminution of confinement credits, plus the number of days between May 2, 1990 and March 26, 1999, plus additional diminution of confinement credits applicable to that period, in effect, double counting.
 
 [4]
 
 Appellees contend that the DOC properly applied credits.
 

 
 *97
 

 Sentencing, term of confinement, and credits
 

 A sentencing court can make a sentence concurrent with or consecutive to any other unsuspended actual sentence of confinement that then exists.
 
 State v. Parker,
 
 334 Md. 576, 592-93, 640 A.2d 1104 (1994); § 9-202(c) of the Corr. Serv. Art. (formerly Art. 27, § 690C).
 

 In the case before us, appellant was serving a sentence of confinement in Delaware when the Carroll County sentence was imposed. As previously indicated, the Carroll County sentencing court clearly and unambiguously made the sen
 
 *98
 
 tence consecutive to the Talbot County sentence, which was clearly and unambiguously consecutive to the sentence being served in Delaware. Consequently, the Carroll County sentence clearly and unambiguously was consecutive to the sentence being served in Delaware. We reject appellant’s contention that the Carroll County sentence should be deemed to have begun on February 8, 1979, the date of sentencing. If we assume that the Talbot County convictions never existed, as appellant urges, the earliest date the Carroll County sentence would have begun was May 2, 1990,
 
 [5]
 
 the date appellant came into DOC’s custody, subject to applicable credits. The question remains, however, whether the sentence, subject to applicable credits, began on that date, on March 26, 1999, the date the Talbot County convictions were vacated, as appellees contend, or even at some later date.
 

 Rule of lenity
 

 Under Maryland law, an ambiguity in penal statutes is to be construed against the State.
 
 Maryland House of Correction,
 
 348 Md. at 267, 703 A.2d 167. Similarly, if doubt exists as to the proper penalty, punishment must be construed to favor a milder penalty.
 
 Robinson,
 
 317 Md. at 380, 564 A.2d 395.
 

 The effect of appellees’ position with regard to appellant’s maximum expiration date is that appellant does not receive 526 days of pretrial credit, as mandated by his Carroll County sentence. Appellees begin their computation of appellant’s maximum expiration date on March 26, 1999, apply 526 pretrial credits to make the start date October 16, 1997, and then apply credit for time spent in custody between May 2, 1990 and October 16, 1997. Appellees then run 36 years from the resultant date, May 2, 1990, leading to a maximum expiration
 
 *99
 
 date of May 2, 2026, subject to diminution of confinement credits. By only giving appellant credit for time spent in custody between May 2, 1990, and October 16, 1997, rather than until March 26, 1999, appellees actually deprive appellant of the 526 pretrial credits he is owed.
 

 Section 6-218 of the Criminal Procedure Article is ambiguous, and should thus be construed in appellant’s favor.
 
 Fields,
 
 348 Md. at 267, 703 A.2d 167. Consequently, beginning with May 2, 1990, the day appellant came into custody of DOC, appellant’s 526 pretrial credits must be applied to obtain the date of the beginning of appellant’s term of confinement, November 22, 1988. Appellant should then be given credit for the time he spent in custody between May 2, 1990 and March 29, 1999. Thus, the maximum expiration date of appellant’s 36-year sentence is November 22, 2024.
 

 Computation of diminution of confinement credits, after the period of confinement is determined, is an administrative matter and should be left to correctional authorities.
 
 See Robinson,
 
 317 Md. at 379, 564 A.2d 395. We note the following, however. Appellant is incorrect in arguing that he is entitled to any additional credit as a result of the Talbot County sentence, other than actual time served and credits actually earned. Additionally, we note that an inmate is entitled to diminution of confinement credits only for the time that he is committed to the custody of the DOC. § 3-702 of the Corr. Serv. Art. If we assume good conduct credits at the rate of 5 per month from May 2, 1990, to November 22, 2024, 407 industrial credits, and 252 special project credits, less 65 good conduct credits rescinded as a result of disciplinary violations, appellant’s mandatory supervision release date is on or about 2017. Consequently, appellant is not entitled to immediate release.
 

 Finally, there is some issue with regard to appellant’s whereabouts between January 23, 1990, when appellant was paroled in Delaware, and May 2, 1990, when he came into DOC custody. We note that appellees originally computed appellant’s maximum expiration date from January 23, 1990.
 
 *100
 
 We have insufficient facts, however, to determine whether appellant was in fact in custody, and if so, under what circumstances, but we instruct the DOC to investigate this matter and take it into consideration when computing appellant’s maximum expiration date and his mandatory supervision release date.
 

 The denial of
 
 habeas corpus
 
 relief is affirmed, and the new mandatory supervision release date is to be computed by the DOC in accordance with this opinion’s determination of the term of confinement.
 

 ORDER DENYING APPELLANT’S APPLICATION FOR A WRIT OF
 
 HABEAS CORPUS
 
 AFFIRMED.
 

 COSTS TO BE PAID BY APPELLANT.
 

 [1]
 

 . The court ordered that appellant be allowed 526 days credit against the 18 year term, pursuant to Md.Code (1957, 1976 Repl. Vol.), Art. 27 § 638C,(now Md.Code (2001), § 6-218 of the Crim. Pro. Art.).
 

 [2]
 

 . Appellant is not qualified to receive 10 good conduct credits per month because he was sentenced prior to October 1, 1992, the effective date of the scheme creating the potential to earn 10 credits per month.
 
 Maryland House of Correction v. Fields,
 
 348 Md. 245, 262, 703 A.2d 167 (1997).
 

 [3]
 

 . Appellant's counsel, in his brief, does not explain how credits were computed to arrive at the conclusion that appellant is entitled to immediate release. Counsel’s argument is apparently based on an assertion, however, that in addition to one day's credit for each day served between February 8, 1979 and continuing and diminution of confinement credits for that entire period, appellant is also entitled to another day’s credit for each day between May 2, 1990 and March 26, 1999 (in effect, two days' credit for each one day spent in confinement) plus diminution of confinement credits applicable to that time period.
 

 Appellant, in papers filed
 
 pro se,
 
 agrees with his counsel that his Carroll County sentence began on February 8, 1979, and, after applying 526 pretrial credits, became August 31, 1977. Appellant also argues, however, that he should be credited with total time served on the 36-year sentence in the amount of 42 years, 6 months, and 24 days. Appellant's computation, as of February 24, 2004, is as follows. The period of time between August 31, 1977, and February 24, 2004, is 26 years, 5 months, and 24 days. He argues that he is entitled to good conduct credits at 5 per month for the entire Talbot County 50-year sentence, which yields 8 years, 2 months, and he is entitled to good conduct credits at the same rate for the entire Carroll County 36-year sentence, which yields 5 years, 11 months. The total of good conduct credits, therefore, is 14 years, 1 month. According to appellant, when this amount of good conduct credits and 2 years work and special project credits are added to 26 years, 5 months, and 24 days, it yields 42 years, 6 months, and 24 days, thus entitling appellant to immediate release. As stated in a separate order, we shall not address the arguments made by appellant
 
 pro se
 
 to the extent they differ from those made by counsel, but our refusal is without prejudice to appellant to make these arguments in a petition for post conviction relief, if that avenue of relief is otherwise available to him, or in an administrative proceeding challenging the computation of credits.
 

 [4]
 

 . Appellant's original Carroll County commitment records obligated him to serve "eighteen (18) years to run consecutive
 
 with
 
 sentence
 
 *97
 
 received in Talbot County ...” in connection with indictment number 3356 and “fifteen (15) years consecutive
 
 with
 
 term in 3356” on count one of indictment 3361 and as to count ten, three (3) years consecutive
 
 with
 
 ” that, (emphasis added). This language accurately tracked the pronouncement of appellant’s sentence on February 8, 1979. For some unknown reason, in April 1990, the commitment records were modified to reflect the character of the sentences as “consecutive to.”
 

 Alternatively, although not raised prior to appellant's reply brief, appellant notes that his original Carroll County commitment records were modified in April of 1990 to reflect that the character of his sentences were “consecutive to,” rather than "consecutive with,” his other sentences, as they had been in appellant's original Carroll County commitment records. Although not entirely clear, it appears that appellant is arguing that this word change created some ambiguity as to whether his sentences were to be consecutive or concurrent with his other sentences.
 

 Initially, we note that appellant's failure to raise this issue, either in the circuit court or in his original brief, generally precludes our review of the issue.
 
 State v. Jones,
 
 138 Md.App. 178, 230, 771 A.2d 407 (2001),
 
 aff’d, Jones v. State,
 
 379 Md. 704, 843 A.2d 778 (2004)(“The cases are legion, in Maryland and elsewhere, that an appellate court generally will not address an argument that an appellant raises for the first time in a reply brief"). Nevertheless, even were we to review this issue, appellant’s argument lacks merit. As explained earlier, it is clear and unambiguous that the Carroll County court intended appellant's Carroll County sentence to be consecutive with his Talbot County sentence. By implication, therefore, and by virtue of the fact that the court incorporated the consecutive aspect of the Talbot County sentence into the Carroll County sentence, appellant’s Carroll County sentence was to run consecutive to his sentences in other jurisdictions. Substituting the words “consecutive to” for "consecutive with” is not a substantive change and does not render the intentions of the Carroll County court, or for that matter, appellant’s sentence, ambiguous.
 
 See Maryland
 
 
 *98
 

 Correctional Institution v. Lee,
 
 362 Md. 502, 524, 766 A.2d 80 (2001)(noting that when the intentions of a sentencing court are clear, and remain unchanged, the sentence is not ambiguous).
 

 [5]
 

 . But see our discussion
 
 infra
 
 on pages 21 and 22 regarding the possibility that appellant deserves credit for time served dating back to January 23, 1990, and our instruction to the D.O.C. to investigate this issue.